**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

VICTOR RIVERA,

        Plaintiff,

v.                                                           CASE NO. _____

LOWE'S HOME CENTERS, LLC., d/b/a LOWE'S
A Foreign Limited Liability Company

        Defendant.

_____/

## <u>DEFENDANT'S NOTICE OF REMOVAL OF ACTION</u>

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Lowe's Home Centers, LLC ("Lowe's") files this notice to remove the above-styled action filed by Plaintiff Victor Rivera ("Plaintiff") from the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, to the United States District Court for the Middle District of Florida on the following grounds:

1.     <u>Nature of the Action</u>: This is a civil action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes (the "FCRA"). (Exhibit A, Compl. ¶¶ 1, 26-83.)

2.     <u>Plaintiff</u>: Plaintiff instituted this action by filing his Complaint in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.  Plaintiff's Complaint, entitled *Victor Rivera v. Lowe's Home Centers LLC., d/b/a Lowe's*, Case No. 2019CA008205, was filed with the state court on December 6, 2019.

PD.27664219.1

3.      Defendant: Lowe's was served the Complaint on January 2, 2020.   Thus, Lowe's time to remove this action commenced on January 2, 2020.  *See* 28 U.S.C. § 1446(b).

4.      Timing of Notice of Removal: Pursuant to 28 U.S.C. § 1446(b), Lowe's timely files this Notice of Removal within 30 days of the date on which it received a copy of Plaintiff's Complaint.

5.      Original Jurisdiction: This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims arising under Title VII. As such, the Court has original jurisdiction over the action under 28 U.S.C. § 1331, and the action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

6.      Supplemental Jurisdiction:  To the extent Plaintiff asserts additional claims under the FCRA, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), because Plaintiff's claims all arise from the same set of operative facts; indeed, Plaintiff's federal and state claims are based on identical factual allegations.  (*See* Compl. ¶¶ 26, 37, 44, 53, 65, 73.)  Thus, removal is proper.

7.      Venue: As described in the Complaint, the alleged events at issue occurred in Lee County, Florida.  (Compl. ¶ 7.)  Accordingly, venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1391 and M.D. Fla. Local Rules 4.02.

Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rules 4.02, copies of all process, pleadings, orders, and other papers filed in the state court are attached to this Notice as Composite Exhibit B.

2

Date: January 22, 2020

Respectfully submitted,


/s/ Reed L. Russell
Reed L. Russell
 Florida Bar No.: 0184860
Matthew S. Perez
 Florida Bar. No.: 0125572
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)
reed.russell@phelps.com
matthew.perez@phelps.com

Attorneys for Defendant Lowe's Home Centers,
LLC


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2020, a true and correct copy of the

foregoing was served regular U.S. Mail to the following:

Nathaly Saavedra
Peter Michael Hoogerwoerd
Remer & Georges-Pierre, PLLC
Courthouse Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130

Attorneys for Plaintiff


/s/ Reed L. Russell
Attorney

3

PD.27664219.1